IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JACOB D. BULLOCK**                                                                             **PLAINTIFF**

**VS.**                         **CASE NO. 5:15cv289-BSM**

**PACKERS SANITATION SERVICE, INC. LTD.,**
**a/k/a PSSI**                                                                  **DEFENDANTS**

## AGREED PROTECTIVE ORDER WITH TYSON FOODS, INC.

Counsel for Plaintiff and Non-Party Tyson Foods, Inc., have agreed to handle and protect certain documents requested under Subpoena pursuant to certain terms.

1. During the course of litigation of this case, Plaintiff has requested under Subpoena certain documents compiled by Non-Party Tyson Foods, Inc. These documents generally contain certain information that Tyson Foods, Inc. claims as privileged, confidential, sensitive and not available to the general public. The most confidential of these documents are:

    (A)    Environmental, Health and Safety Services Root Cause Analysis;
    (B)    Root Cause Investigation With Corrective Actions Tyson Confidential; and,
    (C)    Accident Investigation with Causal Analysis.

These records are hereinafter referred to as "Protected Material." The protection conferred by this Order covers not only the Protected Material described above, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof.

2. For purposes of this case, any such materials shall be maintained as Confidential by counsel and not given, shown, made available, communicated, or distributed in any way to anyone except:

    a.    The Court and court personnel (including the court having jurisdiction over any appeal);

    b.    Court reporters used in connection with the litigation;

c. Any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation;

d. Any mediator, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter;

e. Employees of outside copying, document imaging and facsimile services;

f. Present counsel of record for the parties and secretaries, paraprofessional assistants, and other employees or agents of such counsel who are actively engaged in assisting counsel in connection with this matter;

g. The parties themselves and outside experts or consultants whose advice and consultation are being or will be used by the parties in connection with preparing for the litigation, and the staffs of such experts or consultants; and

h. Witnesses or deponents in the course of this litigation.

3. Disclosure shall be made to persons identified in subparagraphs 2.g and h above only as necessary for the litigation, and only after the person to whom disclosure is made has been informed of the Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as *Attachment A*. The terms of this Protective Order shall be explained to such persons by the persons disclosing the Protected Information. The executed acknowledgment shall be retained by counsel disclosing the Protected Information. Protected Information shall not be disclosed to any person in any manner not specified in this Protective Order.

4. Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5. Designation of information as Protected Information is not determinative of whether the designation is appropriate. If a party seeks to challenge the designation on the ground that such protection is not warranted under controlling law, the following procedure shall be utilized:

   a. The party challenging the designation shall give counsel for the designating party notice, in writing, specifying the Protected Information for which the designation is challenged and the reasons for the challenge;

   b. If the parties cannot reach agreement, the party designating the Protected Information shall, within 15 days of receipt of that notice, file and serve a motion and supporting brief seeking the protection of this information. The party filing a brief containing or referring to Protected Information shall seek leave to file it under seal, and the other party shall not oppose such request. The designated Protected Information shall remain confidential until the issue is resolved by the Court or by the agreement of the parties.

   c. On any motions arising out of the designation of any material as Protected Information, the burden of justifying the designation shall lie with the designating party.

6. All briefs and related documents that contain or refer to Protected Information that are filed with the Court electronically shall be done in accordance with the electronic case filing protocols for filing documents under seal.

7. The parties shall be entitled to identify on their final exhibit lists and use Protected Information for trial. Subject to the Federal Rules of Evidence, Protected Information can be used at trial in this matter; however, counsel for the designating party shall be entitled to seek all appropriate protections with the Court to avoid public disclosure of the Protected Information. The non-designating party does not waive any right to object to such request for additional protections.

8. The provisions of this Order also cover any other documents that have come or that may subsequently come into the possession or control of the parties pursuant to this Subpoena subject to Paragraph 4 of this Protective Order. If a party learns that, by inadvertence or otherwise, it has disclosed any portion of the Protected Material, it shall immediately inform the other parties.

9. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information is admissible in evidence at the trial of this case.

10. Those subject to this Protective Order are the parties to the action, including all of their officers, directors, employees, consultants, retained experts and outside counsel (and their directors, staff and experts). This provision does not prohibit the individuals listed in the preceding sentence from reviewing any Protected Material for the purpose of this litigation, however they are subject to the terms and conditions of this order with respect to the dissemination of information contained in the Protected Material.

11. By stipulating to the entry of this Protective Order, no party waives any right or objection it would otherwise have in absence of this Order.

12. Within sixty (60) days of the conclusion of this action and any appeal, all documents designated Confidential and all copies of such documents made by the receiving party, counsel, and/or others shall be returned to the producing party's counsel and all electronically stored copies of such documents and/or information shall be deleted and destroyed.

IT IS SO ORDERED THIS  27th  DAY OF OCTOBER, 2017.

                                                                                      */s/ Brian S. Miller*
                                                                                   BRIAN S. MILLER
                                                                                   UNITED STATES DISTRICT CHIEF JUDGE

APPROVED BY:

/s/ Joseph Gates for Paul Byrd Law Firm, PLLC
Mr. Paul Byrd
Mr. Joseph Gates
Ms. Sara Silzer
Paul Byrd Law Firm, PLLC
415 N. McKinley, Suite 210
Little Rock, AR 72205

/s/ Steve Crane for Crane, Butler & Phillips, PA
Mr. Steve Crane
Crane, Butler & Phillips, PA
118 E Calhoun Street
PO Box 727
Magnolia, AR 71753-0727

/s/ Bruce Munson for Munson, Rowlett, Moore & Boone, PA
Mr. Bruce Munson
Munson, Rowlett, Moore & Boone, PA
400 W. Capitol, Suite 1900
Little Rock, AR 72201